IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES ALBRIGHT | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv416 |
| JEFFERSON COUNTY JAIL | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff James Albright, formerly an inmate at the Jefferson County Jail (the "Jail"), proceeding *pro se*, filed this civil rights lawsuit against the Jail. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Allegations

Plaintiff complains of his conditions of confinement at the Jail. He alleges water leaking from pipes caused him to fall twice, resulting in injuries. Plaintiff further states there is black mold at the Jail and that the roof leaks. In addition, he contends that he has not received proper medical treatment. Finally, plaintiff alleges he has not received adequate hygiene supplies such as razors.

### Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court must dismiss a complaint if it determines the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." "A district court may dismiss as frivolous the complaint of a prisoner proceeding [*in forma pauperis*] if it lacks an arguable basis in law or fact." *Geigers v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar*

*v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Analysis

Plaintiff named the Jail as the defendant in this matter. In order for an entity to be a party to a lawsuit, the entity must have the capacity to sue or be sued. *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993). The Jail, as at best a subdepartment of a local governmental entity, does not have a sufficiently separate legal interest to enable it to be named as a defendant in a lawsuit. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). However, as plaintiff is proceeding *pro se*, his claim against the Jail will be liberally construed as a claim against Jefferson County.

Jefferson County cannot be held liable under 42 U.S.C. § 1983 for the actions of its employees based on a theory of *respondeat superior*. *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A governmental entity such as Jefferson County may only be held liable for a constitutional violation if the violation is the result of official policy or custom of the entity. *Id*.

An official policy or custom can be established in several ways. An official policy may be a policy statement, ordinance, regulation or decision that has been officially adopted and promulgated by a policymaker. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). A policy may also arise from a "persistent, widespread practice of city official or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id*. Finally, a policy or custom may be considered to exist where the need to take some action is so obvious, and the inadequacy of

existing training so likely to result in the violation of constitutional rights, that a municipality's failure to train its employees demonstrates a "deliberate indifference" to the rights of citizens. *City of Canton v. Harris*, 489 U.S. 389-90 (1989).

Plaintiff has failed to identify any policies or customs of Jefferson County which led to the conditions of confinement complained of in this lawsuit. He has therefore failed to state a claim upon which relief may be granted.

## Recommendation

This civil rights lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 26th day of April, 2024.

_____
Zack Hawthorn
United States Magistrate Judge